Our fifth case for today is United States v. Darling. Mr. Henderson. Thank you, Your Honor. May it please the Court. I'm Peter Henderson. I am here on behalf of Anthony Darling. The issue in this case, there are really two cases that are very similar, Downs v. Oliver. We think that Downs is applicable. The government thinks Oliver is applicable. One thing I'll start with, though, is the standard of review, because both parties disagree on that. The government thinks this should be reviewed for plain error. But Mr. Darling in the District Court had no opportunity to object to this procedural error before judgment was imposed. So the only real problem you're complaining about, though, which does look an awful lot like Oliver to me, is that the judge doesn't pause and say the calculation of the supervised release advisory period is X, you know, zero to three years or whatever. He certainly specifically mentions supervised release, that he's thought about the 3553A factors in that context. And Now, certainly if you go substantially above that range, as happened in Downs, then I can certainly see a good argument for more discussion. But it's just hard for me to see, by the time you know he agrees with the PSR on these calculations, he's talking about 3553A, how this case isn't governed by Oliver. So I think one factor you mentioned there is not in this record, and that's that he actually said that he agreed with the PSR on the supervised release. As I read Oliver, and I don't know the transcript from that case, but I read Oliver to say that the court explicitly adopts the PSR's guideline calculations. And I interpret that to say all of the guidelines calculations, because as I understand in Oliver, the defendant before sentencing said, we do not object to the facts or the guidelines calculations in the PSR. And at the beginning of the hearing, the court said, okay, I'm going to adopt the guideline calculations. In this case, the court explicitly referenced the guidelines range for the term of imprisonment and adopted that as his findings. The judge explicitly referenced the conditions of supervised release and adopted those. But the court never adopted the pre-sentence report as a whole at the hearing. The court never adopted the guidelines range for supervised release explicitly. Although he follows it. I mean, you can't argue that three years was not within the range. I mean, it's the top, but not within the range. Right. Well, and it's the maximum under the statute. And so we would have a different issue if, as in Downs, this was above three years. But I think there was a case we haven't mentioned in the brief called McMillan several years ago. And the court used, I think, a particularly apt word when it came to this type of error. And it referred to the parties as being insouciant about supervised release. In these types of gun cases, I think nine out of every ten case you'll see, there's an automatic imposition of a three-year term of supervised release. It's the statutory maximum, even though in every one of the cases the guidelines are one to three years. And what we're trying to alert the court to in this case is that routinely gets passed over. The guidelines apparently very rarely matter in terms of where in the range we're going to impose it, because almost every sentence is three years. But you can always shorten it, right? After a year, you can shorten it. And if the judge is giving your client the bottom-of-the-guideline range for prison and the top-of-the-range for supervised release, what's so bad about that? Well, it's at least our belief that the term of imprisonment is often a separate calculation. It shouldn't be. You know, they should be considered together. We don't think they should. I would think they're always considered together. And there can be a trade-off, right? There can be a trade-off. And I think, you know, in front of a particular judge you might say, this judge takes very careful consideration of the interplay between those terms. And you might say in front of a different judge, this judge automatically imposes this term, I'm not concerned about it. I think the latter is the case here, because the parties, you know, this isn't just the judge. The parties are focused almost exclusively on this. Was there argument here? I don't remember. Was there advocacy on the issue of supervised release either way? No. They all keep saying fine. And I just want to say, you're shaving it very finely, because at page Appendix 30, I'm not sure what original page this was, the judge actually says, I find that the PSR properly reflects a total offense level of 23 and a criminal history category of 5. This results in an advisory guideline range of 84 to 105 months of imprisonment. Now, he doesn't finish that thought by saying, and I think the PSR is fine on supervised release, but he does later on have this brief discussion of supervised release in which he says that he is going to tell them what he wants, and he says, I'm going to talk about supervised release. He starts that on page 44, and he keeps asking government, do you have any problems with those conditions, the mandatory ones, no defense, no, and then he goes, and I'm doing these extra conditions. Does anybody have anything to say about that? And they all say no. It's awfully hard to find a problem there. Well, what Oliver said was the critical question is whether the district court was aware of and understood the guidelines recommendation for supervised release. And that's just not in the record. It's in the PSR, and the court does pay some attention, certainly to the conditions of supervised release, if not the total length of it. But that's the argument. We would like to see district courts, I think as a best practice, I think it's undeniable that district courts ought to be saying the statutory maximum is three years, the guideline range is one to three years, so that as an appellate court, this court can review that and make sure that the court has understood its discretion. In terms of reversible error, though, I think the court has to find something in the record to demonstrate that the district court knew what the guidelines range was, and that's just not present. Can we presume that the judge read the PSR from this record? Sure, but the PSR is many pages long. I mean, I'm willing to grant the judge presumptions, but our experience in, again, in these gun cases, this is an automatic three-year supervised release term, and we'd like more attention paid to what the guidelines suggest. Isn't the way to do that, to raise that issue with the district court, to argue, Judge, you've been giving these three years routinely, we'd like to ask you to reconsider that and focus more on the individual needs in this particular case? That is definitely a way, and that may be the better way. One thing that we've noticed, though, is that at this court's direction over the last three or four years, district courts only at that prodding have really been focusing on supervised release, and we think that's a good thing and we'd like it to continue. Well, the better way, even in that line of cases, is to raise the issues with the district court first, right? I agree with that. I think I've written a few opinions for our court along those lines. I think I recall reading. Thank you, Your Honors. I'll save any time. All right. Thank you very much. May it please the court. My name is Georgia Alexakis, and I represent the United States. This court should affirm the defendant's sentence. Counsel for the appellant suggests that there's a conflict between Oliver and Downs, and in fact, the two cases are quite consistent. The circuit has made clear that what it's looking for out of a district court record is some indication that there's an awareness and an understanding on the part of the district court judge what the guidelines range is for supervised release. That indication wasn't there in Downs. It was there in Oliver. It is here. Those indications are present in this case, just as they were in Oliver. It's clear from the record that the district court had read the PSR, was familiar with the supervised release conditions, and in granting, imposing a term of supervised release that was within the guidelines range, indicated in that manner that he understood what the guidelines range was. Those were the same factors that were present in Oliver and Anderson, and led to an affirmation of the defendant's sentence in those cases. For those reasons, the government would ask that the district court's judgment be affirmed in this case as well, unless there are any further questions from the court. I'll leave it at that. Thank you. I see none, so thank you very much. Anything further, Mr. Henderson? No, thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.